UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TELMO SEWELL,

    Defendant.
_____/

Case No. 15-20615

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [26]**

This matter comes before the Court on Defendant's motion to suppress evidence obtained under the authority of a search warrant. Defendant argues the affidavit supporting the warrant failed to establish probable cause to search the target location. For the reasons stated herein, Defendant's motion is DENIED.

**I.    Facts**

Defendant Telmo Sewell is charged with Distribution of Controlled Substances, Possession with the Intent to Distribute Controlled Substances, Felon in Possession of a Firearm and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Dkt. 9.) On September 9, 2015, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent Joshua McLean applied for and received warrants to search two locations in connection with a narcotics investigation involving Defendant. (Dkt. 26-2.) Special Agent McLean submitted an affidavit in support of the application, detailing the investigation. (*Id.*)

The affidavit describes several undercover transactions wherein ATF Special Agent Michael Yott purchased heroin from Defendant. (*Id.*) In addition, the affidavit recounts

surveillance of Defendant going in and out of the two target premises shortly before the undercover narcotic transactions. (*Id.*) For example, the affidavit provides that on September 8, 2015, between 9:15 a.m. and 10:03 a.m., Special Agent Yott, acting in an undercover capacity, contacted Defendant by cell phone requesting to purchase illegal narcotics. (*Id.* at 11.) Defendant purportedly agreed and arranged a meeting at a gas station. (*Id.*) At 9:56 a.m., Special Agent Salazar, conducting surveillance at what has been identified as **75 31st Street ("Address A"), observed Defendant in a blue, Ford Focus back out of the driveway and drive directly to what has been identified as **10 31st Street ("Address B"). (*Id.* at 12.) At about 10:00 a.m., Special Agent Salazar observed Defendant exit Address B, return to Address A, and go inside the residence. (*Id.*) Approximately eight minutes later, Special Agent Salazar observed Defendant exit Address A and drive to the gas station, where Defendant approached Special Agent Yott's vehicle on foot and entered the passenger side of the vehicle. (*Id.*) The affidavit states that once inside the vehicle, Defendant sold Special Agent Yott twenty-two (22) folded pieces of paper containing what subsequently tested positive for heroin. (*Id.* at 11.) Three additional undercover transactions are similarly described. (*Id.* at 6-12.)

The affidavit also notes that a search of law enforcement databases revealed Defendant has used both target addresses as current residences. (Dkt. 26-2, at 13.) The affidavit states, based on the affiant's training and experience (one year with the ATF and three years as a police officer for Wayne State University), "persons involved in the illegal distribution of controlled substances use multiple locations to store, maintain, and conceal their controlled substances." (*Id.*) In addition, the affiant states that based on his training

2

and experience, "persons involved in the illegal distribution of controlled substances use firearms to protect their illegal product and proceeds." (*Id.*)

Shortly after the undercover transaction on September 8, ATF obtained search warrants for both target premises. (*Id.*) On September 10, ATF agents executed the warrants; from Address A, agents seized a Smith & Wesson .22 caliber revolver, ammunition, heroin, packaging materials, a black holster, and documents addressed to Defendant at Address A. (Dkt. 30, at 9.) No items were located or seized for evidence from Address B. (*Id.* at 10.) Defendant contends the search warrant for Address A is invalid because the affidavit on which it was premised lacked probable cause or articulable suspicion that Defendant was engaged in criminal activity at that target location, and that there was not a sufficient nexus between the items sought and places to be searched.

## II. Analysis

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Further, no warrant shall issue except upon probable cause, supported by oath or affirmation. *Id.* Probable cause exists when there is "a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (internal quotation and citation omitted). When the sufficiency of an affidavit supporting a search warrant is challenged, courts must evaluate whether the issuing court had a substantial basis for finding that the affidavit established probable cause to believe that the evidence described would be found at the places to be searched. *United States v. Greene*, 250 F.3d

471, 478 (6th Cir. 2001). The reviewing court gives great deference to the issuing court's determination of probable cause. *Id.*

Defendant seeks to suppress the evidence seized from Address A, arguing that the facts alleged in the affidavit did not establish a sufficient nexus to Address A. For example, Defendant argues the affidavit was defective in that it did not state the affiant had "obtained drugs from the residence; seen drugs at the residence; knew or was told that drugs or evidence of drugs were stored at the residence; [or contain] any information that criminal activity was occurring" at the target address. (Dkt. 26, at 2.)

Having reviewed the affidavit and considering the totality of the circumstances, the Court concludes that the issuing court had a substantial basis for finding that the affidavit established probable cause to believe that the evidence described would be found at the target premises. First, the affidavit notes that a search of law enforcement databases revealed Defendant has used both addresses as current residences. As has been held numerous times by the Sixth Circuit, "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." *United States v.* Jones, 159 F.3d 969, 976 (6th Cir. 1998) (citation omitted). *See also United States v. Miggins,* 302 F.3d 384, 393-94 (6th Cir. 2002) (holding sufficient nexus existed to search residence of known drug dealer). Indeed, observation of drug trafficking, even away from the dealer's home, can provide "probable cause to search the dealer's house as well as other places used in the illegal distribution operation." *U.S. v. Powell*, No. 10-20169, 2010 WL 3476080, at *7 (E.D. Mich. Sept. 2, 2010) (Edmunds, J.).

And while a defendant's status as a drug dealer "standing along" may not give rise to a finding of probable cause to search his home, *see United States v. Frazier*, 423 F.3d

526, 533 (6th Cir. 2005), here there is substantial additional evidence connecting the target premises to illegal activity. The affidavit details surveillance of Defendant leaving and returning to the searched residences for short periods of time before the alleged sales of narcotics to the undercover agent. *See United States v. King*, 66 F.3d 326, 1995 WL 555640, at *1 (6th Cir. 1995) (affirming finding of probable cause to search house where "police observed defendant exit [the house], ... sell the informant cocaine, and return directly to the house"). Given the totality of the circumstances set forth in the affidavit, the facts alleged establish a fair probability that contraband or evidence of a crime would be found in the target location at issue here.[1]

### III.  Conclusion

Being fully advised in the premises and having read the pleadings, the Court hereby DENIES Defendant's motion to suppress evidence.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 9, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager

---

[1] Because there was probable cause supporting the issuance of a search warrant for Address A, the Court need not consider whether the search would also be proper under the good-faith exception stated in *United States v. Leon*, 468 U.S. 897 (1984).